In the Matter of the Claim of CHARLES JARDINE et al., Respondents, against DRAKE-CRAFE-WINSTON-TECON-CONDUIT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from a decision of the Workmen's Compensation Board, awarding death benefits of $20 per week to each of the parents of the decedent, who at the time of his death was 24 years of age and unmarried. The only question raised on this appeal is the question of whether both parents were dependent upon the decedent for support. The decedent's father was earning $2,700 per year, or $2,622 per year "take-home" pay, at the time the decedent suffered the fatal accident. In addition to this salary, his employer provided the father an apartment, with light and fuel. The family cash expenditure ran $3,296 per year, leaving a deficit of $674 in the total family budget. The decedent's contributions for the year preceding his death varied from $15 per week, while he was unemployed and receiving unemployment insurance, to $50 per month, while he was employed and living away from home and getting home only weekends. In addition to his regular contributions, he paid $200 on a television set for his parents and he had also given his mother some clothes. A question is raised by the appellants as to the propriety of some items listed in the family budget, notably items of automobile expense and vacation and entertainment expense, but we believe that, under the circumstances of the case, the board had the right to treat these items as reasonable and necessary expenditures from the family funds. The board was therefore justified in finding dependency of the family unit. However, it does not follow that every member of the unit should be treated as a dependent and a separate award made to him. Where the head of the family has substantial earnings, more than sufficient to support himself, it has been customary for the board to make an award to the other members of the family unit who were in need of assistance from the deceased employee. See, for example, the recent cases of *Matter of Metros* v. *King Furniture Co.* (3 A D 2d 779) and *Matter of Reed* v. *Deitz* (1 A D 2d 861); see, also, *Matter of Germano* v. *Louis Longhi & Son* (262 App. Div. 897, motion for leave to appeal denied

306 N. Y. 984). These decisions are in accord with the principle laid down by this court in *Klein* v. *Brooklyn Heights R. R. Co.* (188 App. Div. 509) and *Frear* v. *Ells* (200 App. Div. 239). There may be circumstances under which the father may properly be held to be a dependent, even though his earnings were sufficient for his own support, where the contribution by the deceased employee provided a very substantial part of the total family funds and the family standard of living would have to be reduced if the father were not given an award (*Matter of Kaiser* v. *U. S. O. Camp Shows,* 269 App. Div. 915, affd. 296 N. Y. 532) but this is not such a case. An award to the mother alone in this case will adequately provide for a continuance of the family's standard of living. It is apparent that, in the event of the mother's dying before the father, he will be able to maintain his standard of living at the present level out of his own earnings and will not be in need of any contribution from others. Award in favor of the mother is affirmed but the award in favor of the father is reversed, with costs to the appellants against the board and the claim on behalf of the father is dismissed. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.