■ In the Matter of the Claim of GEORGIA FARMER et al., Respondents, v. COFFEE INSTANTS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD,

Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board making an award of death benefits to the deceased employee's mother and father for partial dependency. The decedent was scalded with hot steam in the course of his employment on March 10, 1957 and as a result of the injuries sustained died on September 2, 1957. His salary for the employer herein was $90 per week but he had only been so employed since February 11, 1957. The woman with whom the decedent had been living, testified that previous to that he had been unemployed for six months and that prior to that he had been employed at a salary of $52 per week. She testified that she supported him during the six months period of unemployment although their arrangement called for him to buy food and pay the rent. She knew nothing about the decedent sending money to his parents in Mississippi and she testified that he had been prone to gambling his money away. The decedent's mother and father testified that the decedent sent them $100 to $150 per month in cash or money orders and that they were dependent on those sums. The parents testified that the family income varied from $130 to $170 a month and that the family expenses averaged $130 per month. The decedent's parents steadfastly maintained that he had sent them $100 to $150 per month or about $25 per week. While such testimony might ordinarily be sufficient, when viewed against the evidence of the decedent's earnings and financial condition, it becomes incredible. The decedent had been unemployed for a period of six months but the mother and father gave no indication of any such period when they received no money from him. In fact the woman with whom the decedent lived testified that she held two jobs in order to support herself and the decedent. Prior to the period of unemployment the decedent was only earning $52 per week. Further, as the figures extracted from the record by the board indicate, the parents' testimony showed that the family's income exceeded expenses at and before the time of the accident. Such a situation certainly does not indicate dependency. Dependency must be determined as of the date of the accident. While dependency is ordinarily a question of fact for the board there is here a lack of any substantial evidence to support the finding of dependency. Decision and award reversed and claim dismissed, without costs.

In decisions Nos. 6–51: Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.