Fuld, J.
An award of death benefits to the claimant for a dependent child of a deceased employee having been affirmed by the Appellate Division, we granted leave to consider the question whether a mentally deficient adult may be deemed totally disabled under section 16 of the Workmen’s Compensation Law so as to entitle him to such an award.
The facts are not in dispute. The claimant’s son, now 31 years old, is feeble-minded and unable to support himself. Indeed, his intelligence has been estimated as that of a five-year-old child and, according to one physician, who testified before the board, his condition, described as permanent, renders him “ totally disabled from the point of view of being employable ”.
Subdivision 2 of section 16 of the Workmen’s Compensation Law provides that there shall be paid on behalf of “ a surviving child or children of any age dependent blind or crippled ” a certain percentage of the wages of the deceased employee ‘ ‘ until *300 the removal of the dependency of the blind or crippled child or children ’ ’. And subdivision 1-a declares that ‘£ the term dependent blind or crippled * * * shall be deemed to mean totally blind or physically disabled children whose disablement is total and permanent ”. The appellants, urging a literal reading of this language, contend that the statute draws a distinction between the physically and mentally disabled dependent. We find no justification for such a construction.
Words contained in a statute must, of course, be given the meaning to which they are reasonably entitled but this does not mean that we must accept the language in all of its sheer literalness and forget completely the object which the statute was designed to accomplish. In the present case, having in mind the underlying purpose sought to be served by the Workmen’s Compensation Law, there can be no doubt that the term ££ crippled ” children, as used in subdivision 2 of section 16, is sufficiently broad to include children who are ££ mentally ” incapacitated. (See Matter of Fluhr v. Henry J. Lunde, Inc., 265 N. Y. 531; Matter of Ruhland v. Urban Milling Co., 4 A D 2d 721; Matter of Goldberg v. Michaels Opt. Co., 236 App. Div. 876.)[1] The aim of workmen’s compensation legislation is, in part, to protect employees and their dependents unable to support themselves and, accordingly, section 16, reasonably construed, requires the payment of benefits for children who are mentally incapacitated, as well as for those physically disabled, as long as their incapacity or disablement££ is total and permanent ”.
The order of the Appellate Division should be affirmed, with costs to the Workmen’s Compensation Board.
Chief Judge Desmond and Judges Dye, Van Voorhis, Burke, Foster and Scileppi concur.
Order affirmed.

. Indeed, subdivision 2 of section 16 actually refers to “mental” infirmity; in that portion which deals with the situation following the death or remarriage of the deceased employee’s surviving wife, it is provided that “any surviving child of the deceased employee, at the time under eighteen years of age or dependent through mental or physical infirmity, shall have his compensation increased * 6 * and the same shall be payable until he shall reach the age of eighteen years or until such dependent blind or crippled condition shall have been removed ”.