■ In the Matter of the Claim of CLARA MARKIDIS et al., Respondents, v. AMERICAN AIRLINES, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of death benefits to the deceased employee's parents. Decedent, a 22-year-old airline stewardess, was killed in an airplane crash on February 3, 1959. The sole issue raised on appeal is the propriety of the board's finding of partial dependency. Upon the testimony, letters, etc., we find that the board was within the proper exercise of its fact-finding powers, especially in determining issues of credibility, in holding that decedent was sending home contributions of around $100 a month. A more difficult problem is posed by the fact that there is no evidence in the record showing the effect of the loss of decedent's contributions on claimants' income and expenses or that the claimants could not subsist on the income they received each month. At the time of the death claimants' income was $226.38 per month, $110.38 per month from a second mortgage, which income terminated in 1962, and $116 social security. While there is not an itemization of family income, as compared with its expenses, as is ordinarily required (*Matter of Martorana* v. *Tensolite Insulated Wire Co.*, 14 A D 2d 462) we have held that such evidence is not needed where it is reasonable for the board to infer from the paucity of the family income that the family was detrimentally affected by the loss of decedent's contributions (*Matter of Holloway* v. *Camp Hatikvah*, 14 A D 2d 638). Our review is thus limited to whether the board in a given case is justified in making an award without proof of income and expenses. In *Martorana* we held $5,209 was "substantial" income necessitating further proof whereas in *Holloway* we held the family could obviously be found destitute where its income was $100 a year cash plus whatever produce could be grown on their small North Carolina farm. Here the family income, $2,700, although not sufficiently low to amount to abject destitution as in *Holloway*, is not sufficiently high for us to disturb the board's determination. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.