(July 14, 1969)

■ In the Matter of the Claim of ELBA D. ESTUPINAN, Respondent, v. CLEANORAMA DRIVE-IN CLEANERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal from a decision awarding death benefits to decedent employee's mother; the question of dependency being the sole issue presented on the appeal. There is evidence which the board was entitled to accept that decedent contributed to the necessary expenses of the family of four substantially more than his share of the cost of maintenance of the household (see *Matter of Telarico* v. *Conway,* 28 A D 2d 776; *Matter of Goldsmith* v. *Good Humor Corp.,* 23 A D 2d 901; *Matter of Frear* v. *Ells,* 200 App. Div. 239; *Matter of Frey* v. *McLoughlin Bros.,* 187 App. Div. 824); and the board was equally warranted in inferring that the family was detrimentally affected by the loss of his contributions (*Matter of Smith* v. *Crosson's Serv. Sta.,* 28 A D 2d 577, mot. for lv. to app. den. 20 N Y 2d 644; *Matter of Markidis* v. *American Airlines,* 21 A D 2d 927; *Matter of Holloway* v. *Camp Hatikvah,* 14 A D 2d 638). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Cooke and Greenblott, JJ., concur in memorandum *Per Curiam;* Reynolds, J., dissents and votes to remit in the following memorandum: REYNOLDS, J. (dissenting). In my opinion the present findings and record are clearly and grossly inadequate to support the board's finding of dependency. Initially the findings are inadequate in this case because no finding was made as to the exact amount contributed by the older sister, Beatrice, which figure is crucial in determining the percentage of decedent's contribution to the total family income. All the board does is note the total amount earned by the claimant, decedent and Beatrice. Additionally, the findings made by the board as to expenses are also unsatisfactory. The board made no finding for food costs, while it is obvious that this is an expense that must be considered in determining household expenses, especially since the claimant testified as to food costs. Concededly, it is within the board's power to reject certain items as expenses, but the board did not list or reject as an expense an amount for car upkeep, while allocating an amount for car payments and car insurance. The board also did not find as household expenses the amount claimant testified she spent for toiletries, dry cleaning and church donations, but neither did it reject such expenses expressly. The board's lack of findings with respect to food, car upkeep, toiletries, dry cleaning, and church expenses, and in addition Beatrice's contribution renders the record completely unsuitable for review. Secondly, there is a substantial unexplained discrepancy between alleged family income and the confirmed family expenses. The figure for contribution ranges from $96.57 to $106.57, depending on the size of the contribution by Beatrice, and yet the weekly household expenses amount to between a minimum of $117.58 and a maximum of $147 per week. And this discrepancy becomes critical and decisive because utilizing even the minimal amount of $117.58, decedent's share is only 22.6%. Thus, on comparing the decedent's contributions to all the family expenses, it does not

appear that there was any dependency by the other members of the family on his contributions. While dependency can be shown in relation to the income figures in certain circumstances, the income figures here are of no real value not only because of the wide disparity between alleged income and expenses but also due to the fact that the claimant had even been saving money prior to the accident. Moreover, the dependency, if existent, was a partial dependency by the younger daughter who was not working because the claimant's contributions were always in excess of 30% whether compared to income or expenses. When there is dependency by the family unit the next determination to be made is which members of the family unit were dependent (*Matter of Jardine* v. *Drake-Crafe-Winston-Tecon-Conduit,* 5 A D 2d 727). The claimant in this case has sufficient income to support herself and the dependent party must, therefore, have been the younger daughter. While an exception to this rule exists where it is shown that the deceased provided a " very substantial part of the total family funds and the family standard of living would have to be reduced " (*Matter of Jardine* v. *Drake-Crafe-Winston-Tecon-Conduit, supra,* p. 728) such is not the case here. There was some showing of a decrease in standard of living, but this case clearly does not meet this test since even assuming that the decedent's contribution was slightly more than his share, it could here not be termed " a very substantial " share of the total family funds. The cases cited by the majority on this issue are factually inapposite to the present case. There is no satisfactory basis whatever for this award, and the majority opinion points to no such evidence upon which they base their conclusions. I vote for reversal and remittal.