In the Matter of the Claim of THEODOSIUS SYKIOTIS, Respondent, *v.* BARONET RESTAURANT, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 2, 1974.

*Fischer Brothers* (*William F. Fischer, Jr.* of counsel), for appellants.

*Morris Grill* for Theodosius Sykiotis, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed March 16, 1973, which affirmed a Referee's award to the claimant as a dependent of Jim Sykiotis, a deceased employee of the appellant employer.

It is not disputed that the deceased employee suffered accidental death which is compensable. The issues raised by the appellants before the board and again upon this appeal are whether or not there was substantial evidence to support the administrative finding that the claimant father was a dependent of the employee son at the time of his son's death on January 23, 1970; and, if the claimant was such a dependent, whether or not the compensation award should be denied because a prior

award by the Crime Victims Compensation Board (Executive Law, art. 22) as a result of the death should be considered as eliminating any further dependency.

The record contains ample substantial evidence to support the finding of the board that the claimant had received substantial support from the deceased employee during the year prior to death and that the claimant was dependent upon his son at the time death occurred (Workmen's Compensation Law, § 16, subds. 4, 5; § 17).

The question of whether or not an award of benefits by the Crime Victims Compensation Board should be considered in determining dependency by the Workmen's Compensation Board is one of law and it appears that there is no basis for it being considered a resource in regard to issues of dependency.

Pursuant to subdivision 5 of section 16 of the Workmen's Compensation Law " all questions of dependency shall be determined as of the time of the accident." (See *Matter of Gilbert* v. *Happy Hill Farm*, 23 A D 2d 931; *Matter of Holley* v. *GAC Super Prods.*, 23 A D 2d 928.) As to a claimant parent, benefits are only to be paid as long as he is not independently self-supporting. (Workmen's Compensation Law, § 16, subd. 4; *Matter of Deasy* v. *Fox*, 279 App. Div. 945.) Assuming that such payment could be considered in determining the continuance of dependency following the employee's death (cf. Workmen's Compensation Law, § 30), it is apparent from subdivision 4 of section 631 of the Executive Law that the award of death benefits herein will reduce the crime compensation benefits *, and further, that the State is subrogated pursuant to section 634 of the Executive Law to any right of the claimant to recover other payments. Accordingly, the crime victims compensation received by the claimant would not be a resource includable in considering his continued dependency.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

STALEY, JR., GREENBLOTT, SWEENEY and MAIN, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.

---

* The Crime Victims Compensation Board found a net monthly salary of $325; deducted therefrom Workmen's Compensation benefits of $91 per month and found actual monthly loss of $234, which the board granted during dependency.