■ In the Matter of the Claim of MARY GOODWIN, Respondent, v R. E. H. CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed January 23, 1978. Claimant is the mother of Charles Goodwin, a deceased employee of the appellant employer. It is not disputed that the deceased employee suffered an accidental death which is compensable and that the claimant was partially dependent upon the decedent at the time of his death on July 5, 1975. A referee's decision, filed June 9, 1977, found continuing dependency on the part of claimant and directed payments of $48 per week from the date of her son's death. The employer and its insurance carrier appeal from a decision of the board, which modified the referee's decision by reaffirming the award to the claimant to June 7, 1977, and restored the case to the referee calendar on the question of the claimant's continued dependency subsequent to June 7, 1977. The sole issue

raised by the appellants before the board and again upon this appeal is whether or not there was substantial evidence to support the administrative finding of continuing dependency on the part of claimant. At the time of decedent's death, claimant was married and both she and her husband were unemployed. Claimant was receiving $139 per month in welfare benefits and $44 per week in unemployment insurance benefits. Her husband was disabled and receiving $145 per month in Social Security benefits. The board found that the decedent, who was living with his parents, was contributing between $45 and $50 each week to the household expenses at the time of his death. Appellants, in appealing the award given to claimant based on her continuing dependency, note that the claimant began working shortly after decedent's death and testified at a hearing on June 7, 1977 that she was currently earning $86 per week. Based on this testimony and the absence of an itemized family budget for the period subsequent to decedent's death, appellants claim that there is no substantial evidence to support a finding of continuing dependency. We disagree. While it is true that benefits paid to a parent under subdivision 4 of section 16 of the Workers' Compensation Law are to continue only so long as the parent is not independently self-supporting (Matter of Sykiotis v Baronet Rest., 44 AD2d 333; Matter of Deasy v Fox, 279 App Div 945), it is also true that in certain cases the board is justified in making an award without an itemization of income and expenses (see Matter of Markidis v American Airlines, 21 AD2d 927; Matter of Holloway v Camp Hatikvah, 14 AD2d 638). The record in this matter indicates that claimant and her husband were divorced shortly after their son died and that claimant has not remarried. Thus, the board could properly infer from the evidence before it that although claimant may have begun work subsequent to decedent's death, her dependency continued since her welfare and unemployment insurance benefits decreased or were terminated. She was also no longer receiving the Social Security benefits her husband had contributed. Accordingly, the board's determination should not be disturbed. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.