■ In the Matter of the Claim of MARY WATSON, Respondent, v VOGUE METALCRAFT, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed January 11, 1982, which awarded death benefits to the deceased employee's mother. Decedent sustained fatal injuries during an explosion at her place of employment on July 24, 1980. The sole issue raised on appeal is the propriety of the board's finding that the mother of the deceased is a dependent within the meaning of the Workers' Compensation Law. In this regard, a review of the record amply supports the board's determination (see *Matter of Hernandez v Frangella Bros.*, 64 AD2d 734; *Matter of Markidis v American Airlines,* 21 AD2d 927). The decision should accordingly be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.

■ In the Matter of LINDA L. SCHAFFER, Respondent, v WILLIAM H. SCHAFFER, Appellant. — Appeal from so much of an amended order of the Family Court of Schenectady County (Litz, J.), entered December 1, 1981, as awarded petitioner child support and one half of her counsel fees in the amount of $250. The order appealed from herein became effective August 7, 1981 and ordered the respondent husband, after a hearing, to pay one half of the monthly payment due to the Schenectady Savings Bank on the mortgage and taxes of the marital home, in the amount of $125; to pay the sum of $10 per week representing one third of the cost of fuel, heat, gas and electricity; and to pay the further sum of $50 per week for support of the parties' six-year-old daughter; and to pay one half of petitioner's counsel fees, an amount equal to $250. The mother earns a weekly gross salary of $310, with a net weekly income of $150. Her monthly expenses are $1,100 and she owes some family bills which she is paying off at the rate of $257 per month. Respondent husband is an investigator with the Schenectady Police Department, earning $250 per week gross and $225 net. He showed expenses of $297.88 weekly and outstanding bills of $2,503. In view of the respective incomes and expenses of the parties and the consideration of the best interests of the child, the determination of the court was amply supported by the evidence and should be affirmed. With respect to the award of counsel fees to petitioner's attorney, however, we have held such award can only be justified when it is necessary to insure that an indigent wife has legal representation. On constraint of our decision in *Matter of Frye v Truhn* (68 AD2d 989) that portion of the order appealed from which awarded counsel fees must, therefore, be reversed. Order modified, on the law and the facts, by reversing so much thereof as awarded $250 in counsel fees, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.

■ In the Matter of ARNOT-OGDEN HOSPITAL, Respondent, v DAVID AXELROD, as Commissioner of Health, Appellant. — Motion to dismiss appeal from judgment entered June 15, 1982 granted, without costs, on the ground that no appeal lies from a judgment granted upon default of the aggrieved party (CPLR 5511). Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN C. McGREEN on Behalf of JAMES M. XX., Appellant, v BERNARD BERKOWITZ, as Director of Capital District Psychiatric Center, Respondent. — Motion to dismiss appeal granted, without costs, upon the ground that the appeal is moot (see *People ex rel. Bousquet v Katz,* 55 NY2d 1025). Cross motion for extension of time to perfect appeal denied, without costs, as academic. Sweeney, J. P., Kane, Main, Casey and Mikoll, JJ., concur.