■ In the Matter of the Claim of LIDUVINA TORRES, Respondent, v LAUREL HILL NURSERY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 10, 1982. On March 13, 1976, Edwin Rodriguez, a migrant worker, was employed as a farm worker by Laurel Hill Nursery in Mt. Sinai, New York, when he was stabbed to death on the employer's premises following an altercation relating to the care of the living quarters which were provided decedent by his employer. Based on these undisputed facts, the Workers' Compensation Board found that decedent's death was the result of an industrial accident which arose out of and in the course of his employment. The board further found, based upon a review of a hearing conducted in Puerto Rico, that claimant, decedent's mother, is the sole legal dependent of decedent. There must be an affirmance. We have previously held, in a case remarkably similar to this one, that where an employer supplies living accommodations as part of wages, the employee's residence at the place provided by the employer is required and that any accident that befalls the employee on the premises will be presumed to have arisen out of and in the course of employment (*Matter of Feliciano v Woodlea Nursery*, 57 AD2d 979; see, also, *Matter of Broman v A. Brassard, Inc.*, 35 AD2d 142 [which distinguishes cases where the residency is a mere convenience to the employee]). Since the employer's representative conceded at the hearing of March 19, 1979 that part of decedent's compensation was the provision for a place to live, we are constrained to conclude that the accident arose out of and in the course of decedent's employment. Next, we conclude that there is substantial evidence in the record to support the finding of the board that claimant was dependent upon decedent at the time of his accidental death. At a hearing held in Puerto Rico, claimant testified that from 1974 to a period just prior to decedent's death, decedent sent her $30 or $40 every week which she used to support herself, together with food stamps she received in her native land. This testimony was corroborated by decedent's uncle who visited claimant in Puerto Rico on a daily basis. The issues of dependency and contribution are questions of fact for the board and only if there is no substantial evidence to support the decision of the board can its determination be reversed (*Matter of Rodriguez v Vogue Metalcraft*, 96 AD2d 619). Since the board found that claimant was living in destitute circumstances, it was reasonable and rational for it to conclude that she was detrimentally affected by the loss of decedent's contributions (see *Matter of Holloway v Camp Hatikvah*, 14 AD2d 638). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney and Levine, JJ., concur.

Kane and Mikoll, JJ., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). In this death case, arising out of an assault, there is no substantial evidence to support the determination of the mother's dependency in Puerto Rico (see *Matter of Farmer v Coffee Instants*, 12 AD2d 840). Moreover, the failure to give the employer a reasonable opportunity to testify deprived it of a fair hearing and prevents this court from conducting an effective review of the ultimate award (Workers' Compensation Law, § 118). We would reverse the decision of the board and remit for further proceedings.