■ In the Matter of the Claim of MARIA GIGLIA, Respondent, v BERGER INDUSTRIES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Main, J. Appeal from a decision of the Workers' Compensation Board, filed January 17, 1986, which found that claimant was dependent upon decedent at the time of his death and was entitled to an award of benefits.

Decedent, Erminio Giglia, suffered a work-related myocardial infarction on July 20, 1983 and was hospitalized until his death on August 20, 1983. Prior to his death, decedent had lived with claimant, his mother, in an apartment owned by his brother. Upon decedent's death, claimant filed a claim for death benefits under Workers' Compensation Law § 16 (4-a). The Workers' Compensation Board found that claimant was partially dependent upon decedent at the time of his death and awarded benefits. The employer and its carrier appeal.

Questions of dependency and contribution are questions of fact and we should not disturb the Board's determination unless there is no substantial evidence to support it *(Matter of Rodriguez v Vogue Metalcraft,* 96 AD2d 619; *Matter of Hernandez v Frangella Bros.,* 64 AD2d 734). The record demonstrates that claimant is a widow over 80 years old who has had little or no education and is unable to speak even simple English, and was able to testify only through an interpreter. In addition, she is afflicted with arthritis and confined to a wheelchair and is under medical care. From Social Security and Veterans' Administration benefits she receives a total monthly income of $410. She testified that decedent gave her $50 each week toward household expenses, and this is not contested. The employer and its carrier, relying on the testimony of decedent's brother, Louis, who testified concerning his mother's expenses, urge that claimant did not rely on decedent's contributions because her income, in light of the free rent contributed by her sons Louis and Leo, was sufficient to meet her needs. However, Louis' figures were provided as mere estimates and were obviously incomplete. Reason tells us, and the Board found, that claimant's figure to meet her total needs was the more creditable. A lack of itemization of her household, medical and other needs does not bar the Board's finding, and it was reasonable for the Board to conclude that the loss of decedent's contribution had a detrimental effect upon claimant *(cf., Olmedo v Mayor's Summer Youth Program,* 98 AD2d 878; *Matter of Holloway v Camp Hatikvah,* 14 AD2d 638). The Board's decision is amply supported by substantial evidence and in harmony with the doctrine that "the [Workers'] Compensation Law, being remedial in character, is to be construed liberally to accomplish the economic and humanitarian objects of the act" *(Matter of Husted v Seneca Steel Serv.,* 41 NY2d 140, 145).

Decision affirmed, with costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.