■ In the Matter of the Claim of MARTIN J. GABISCH et al., Appellants, v J. F. C. RENTAL CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed July 17, 1987, which ruled that claimants were not parental dependents of a deceased employee.

Martin C. Gabisch died of injuries sustained in a work-related accident on March 28, 1985. On a claim for compensation form dated May 10, 1985, claimant Martin J. Gabisch, decedent's father, responded "no" to a question as to whether he was wholly or partially dependent on decedent. On another such form dated August 6, 1985, claimant father made no response to this question. A hearing was held to determine whether claimants, decedent's parents, had been dependent on him and were thus entitled to compensation. A finding of dependence was made. However, upon the carrier's appeal, the Workers' Compensation Board reversed, finding that claimants had not been wholly or partially dependent upon decedent. Claimants appeal.

Claimants were entitled to benefits only if they were wholly or partially dependent upon decedent at the time of the accident (Workers' Compensation Law § 16 [4], [4-a]). The evidence demonstrated that decedent, who lived in his par-

ents' home, contributed approximately $550 per month to the family income and that claimant father earned about $3,000 per month. Claimant mother also worked, though there is no evidence of her income. The evidence is not clear as to the family's expenses. Claimants' position is that the $550 per month decedent paid exceeded the cost of his maintenance, so that he made a significant contribution to the family's finances. However, claimants are only entitled to benefits if they were not independently self-supporting, i.e., if they were dependent upon decedent's contributions *(see, Matter of Sykiotis v Baronet Rest.,* 44 AD2d 333, 334). The evidence claimants offered does not establish that they were dependent upon decedent. Thus, the Board's decision is supported by substantial evidence and must be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.