■ In the Matter of the Claim of HELEN M. TYRELL, Respondent, v BOUYEA BAKING COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [598 NYS2d 590] — Weiss, P. J. Appeal from a decision of the Workers' Compensation Board, filed May 20, 1991, which ruled that claimant was partially dependent upon decedent for support and awarded workers' compensation benefits to claimant.

Claimant is the mother of decedent, Gary A. Tyrell, and was determined by the Workers' Compensation Board to be partially dependent upon the decedent for support. The employer has appealed from the Board's decision contending that the determination of partial dependency is not supported by substantial evidence.

Decedent remained unconscious for 10 days before his death following a fall at work on August 4, 1986. At the time of the accident decedent resided with claimant and was giving her $50 per week. The Board found that claimant used the $50 per week "for food, electric and meter bills and that based upon her income and expenses", she "was partially dependent upon the deceased for support". The issue of dependency is a factual question for resolution by the Board and generally will be sustained if the determination is supported by substantial evidence *(Matter of Torres v Laurel Hill Nursery,* 98 AD2d 904, *affd* 64 NY2d 895; *Matter of Rodriguez v Vogue Metalcraft,* 96 AD2d 619). We find that the evidence in this record does not support the Board's decision.

The record reveals that decedent commenced employment December 8, 1985 and in either June or July 1986, moved into claimant's house where his adult working sister and her young child also resided. The uncontested reason for the move was "because it was easier for him to go back and forth to work". It is also undisputed that decedent gave claimant the $50 per week in payment for room and board and full use of the home.

Claimant identified her monthly expenses during the period as follows: rent—$375, electricity—$20 to $25, cable television —$13, water—$18, and telephone—$18. Other obvious expenses such as food and clothing are not set forth in the record. In addition to decedent's payment of $50 per week, claimant received at least $343 per month from her husband's Social Security benefits and $160 per month from her husband's workers' compensation benefits, for a minimum total of $503* per month during the temporary separation from her husband. Claimant also received $40 per week ($172 per month) for room and board from decedent's sister.

The evidence of some of the household expenses during the two months that decedent lived there is limited and, while paid by claimant, they are attributable to a household of four individuals. The record shows that the income available to claimant was sufficient to meet her expenses. There is no evidence suggesting that decedent was contributing more than his share of the cost of the maintenance of the household, much less supporting a dependent mother *(see, Matter of*

---

* It was undisputed that claimant's husband permitted her to cash his checks and retain half the proceeds. Claimant's husband testified that his Social Security benefit was $850 per month and his workers' compensation benefit was $320 per month.

*Jardine v Drake-Crafe-Winston-Tecon-Conduit,* 5 AD2d 727). Nor is there proof that the loss of the contribution from decedent adversely affected claimant's standard of living *(see, Matter of Martorana v Tensolite Insulated Wire Co.,* 14 AD2d 462).* Claimant is only entitled to dependency benefits if she is not independently self-supporting *(see, Matter of Gabisch v J.F.C. Rental Corp.,* 141 AD2d 960, 961) and the proof in this record shows that she was self-sufficient. The decision should therefore be reversed.

Mikoll, Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the decision is reversed, without costs, and claim dismissed.