■ In the Matter of the Claim of ISOLYN ELLIS, Respondent, v CYCLONE COASTERS INC. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [702 NYS2d 707] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed September 14, 1998, which ruled that claimant was dependent upon decedent for support and made an award of benefits to claimant.

Following the death of claimant's son in a work-related accident, a dispute arose over claimant's entitlement to death benefits. After a hearing at which claimant testified regarding her income, expenses and her son's contributions prior to his death, claimant's dependency was established. Upon the employer's application for review, the Workers' Compensation Board concluded that the record required further development (in particular, a list of claimant's itemized expenses). After claimant submitted documentary evidence of income and expenses, including a handwritten itemization, the Board concluded that claimant was dependent on her son and entitled to death benefits. The employer appeals.

The issue of dependency is a factual one for the Board to

resolve and, if supported by substantial evidence, its decision will not be disturbed (*see, Matter of Tyrell v Bouyea Baking Co.*, 194 AD2d 832). Although there are discrepancies in claimant's testimony and documentary evidence, the record as a whole provides a rational basis for the Board's conclusion that claimant was dependent on her son when he died.

The employer contends that claimant's itemization of her income and expenses demonstrates that her income, excluding her son's contribution, exceeded her expenses. The listed income, however, included gross wages which were substantially greater than the net wages described in her testimony and confirmed by documentary evidence. In addition, the listed expenses failed to include claimant's mortgage payments and apparently understated her grocery expense. The employer also points to evidence that claimant's daughter had graduated from high school and was contributing to the household income, but claimant testified that the daughter was working to save money for college and would be going to college in the fall, when the contribution would end.

While the Board's decision is lacking in detail, there is substantial evidence in the record to support the finding of dependency and, therefore, the decision will not be disturbed (*see, Matter of Giglia v Berger Indus.*, 127 AD2d 959).

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.