■ In the Matter of the Claim of FELICIANA UMANZOR, as Administrator of the Estate of ELSY C. OSORIO, Deceased, Appellant, v GENERAL TELECOM et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [780 NYS2d 45]—

Carpinello, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed April 28, 2003 and November 18, 2003, which, inter alia, ruled that claimant was not entitled to workers' compensation death benefits pursuant to Workers' Compensation Law § 16 (4-a).

Decedent was working for the employer on September 11, 2001 when she was killed in the terrorist attacks upon the World Trade Center in New York City. At the time of her death, she was 27 years old and resided with her stepfather, half sister, half brother and claimant, her mother, in an apartment in Queens. After decedent's death, claimant filed a claim for workers' compensation death benefits on behalf of herself and decedent's two minor half siblings. At the conclusion of various hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) found that decedent sustained a work-related injury resulting in her death and that claimant and decedent's siblings were financially dependent upon her. Therefore, the WCLJ awarded them dependency death benefits pursuant to Workers' Compensation Law § 16 (4-a). On appeal, the Workers' Compensation Board concluded that the record did not support the WCLJ's finding of dependency. Although the Board found that

claimant and decedent's father were entitled to a death benefit award pursuant to Workers' Compensation Law § 16 (4-b), it reversed that part of the WCLJ's decision awarding dependency death benefits to claimant and decedent's siblings pursuant to Workers' Compensation Law § 16 (4-a). Claimant now appeals.

Initially, we note that "[t]he issue of dependency [under Workers' Compensation Law § 16 (4-a)] is a factual one for the Board to resolve and, if supported by substantial evidence, its decision will not be disturbed" (*Matter of Ellis v Cyclone Coasters,* 269 AD2d 649, 649-650 [2000]; *see Matter of Giglia v Berger Indus.,* 127 AD2d 959, 960 [1987]; *Matter of Torres v Laurel Hill Nursery,* 98 AD2d 904, 904 [1983], *affd* 64 NY2d 895 [1985]). Although dependency is not defined by statute, the courts have found it to exist where the loss of a decedent's financial contribution had a "detrimental effect" upon a claimant's household (*Matter of Giglia v Berger Indus., supra* at 960; *see Matter of Torres v Laurel Hill Nursery, supra* at 904; *Matter of Germain v Times Sq. Stores,* 92 AD2d 657, 658 [1983]).

Here, evidence was presented that decedent earned $47,276 in 2000 and $38,790 in 2001 through the date of her death. Claimant's husband, purportedly the only other regular wage earner in the family, earned $35,070 in 2000 and $40,081 in 2001. Notably, however, the parties' 2001 tax return reveals an additional $6,750 in miscellaneous income for 2001. In her initial affidavit in support of her application, claimant represented that her monthly household expenses totaled $2,600 ($31,200 annually) and that decedent wholly supported her. However, in a subsequent affidavit, she represented that the expenses totaled $4,964 ($59,568 annually) and that decedent contributed $2,602 per month toward such expenses. In both affidavits, claimant represented that she did not own any real property. However, in her testimony, she conceded that she owned rental property in El Salvador, but did not disclose the amount of income generated.

Other than claimant's representation concerning decedent's financial contribution to the family's household expenses, no substantiating documentary evidence was provided and no other witnesses provided precise information on this issue. In addition, the amount of the family's household expenses varied dramatically in claimant's two affidavits, without apparent explanation, and the documentary evidence which is included in the record does not support all of the expenses itemized. In view of the numerous discrepancies and inconsistencies in the evidence presented with respect to both the family's household expenses and decedent's financial contribution thereto, it is virtu-

ally impossible to determine whether the loss of such contribution had a detrimental effect upon claimant's family and, if so, the extent of that effect (*see Matter of Martorana v Tensolite Insulated Wire Co.,* 14 AD2d 462, 462-463 [1961]). Consequently, we find that the Board's decisions are supported by substantial evidence and we decline to disturb them.

Spain, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.