■ In the Matter of the Claim of JOANN PLEW-JOURDANAIS, Appellant, v ADIRONDACK HEATING & FROST INSULATORS, INC., et al., Respondents, and JAMES J. JOURDANAIS JR., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [915 NYS2d 762]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed July 24, 2009, which ruled that decedent's disabled son is a lawful dependent of decedent and is entitled to death benefits pursuant to Workers' Compensation Law § 16 (2-a).

James Jourdanais Sr. (hereinafter decedent) died while at work in 2007. Claimant, decedent's wife, thereafter applied for workers' compensation death benefits. Decedent's sister and her husband are the legal guardians of decedent's disabled son, respondent James Jourdanais Jr. (born in 1983), and they were awarded custody of him when he was six years old. A claim was filed on James' behalf seeking a portion of decedent's death benefits. A workers' compensation law judge ruled that James was a dependent of decedent and that he was entitled to 30% of decedent's average weekly wage. The Workers' Compensation Board affirmed and claimant now appeals.

We reverse. As relevant here, Workers' Compensation Law § 16 provides that a surviving dependent child of any age who is physically disabled is entitled to 30% of a decedent's average weekly wage (see Workers' Compensation Law § 16 [2-a]). This death benefit is payable to dependent children of any age who are mentally incapacitated as well, provided the incapacity is total and permanent (see Matter of Kelly v Sugarman, 12 NY2d 298, 300 [1963]). Inasmuch as James' permanent and total mental incapacity is not challenged here, the sole issue on this appeal is whether he was sufficiently dependent on decedent at the time of decedent's death to be eligible for death benefits.

"The issue of dependency is a factual question for resolution by the Board and generally will be sustained if the determina-

tion is supported by substantial evidence" (*Matter of Tyrell v Bouyea Baking Co.*, 194 AD2d 832, 833 [1993] [citations omitted]; *see Matter of Ellis v Cyclone Coasters*, 269 AD2d 649, 649-650 [2000]). In reviewing determinations of the Board regarding dependency for purposes of entitlement to death benefits pursuant to Workers' Compensation Law § 16, we have consistently based our decisions on the existence of some proof that the loss of a decedent's financial contribution had an adverse or detrimental effect on the claimant (*see Matter of Umanzor v General Telecom*, 9 AD3d 591, 592 [2004], *lv denied* 5 NY3d 703 [2005]; *Matter of Tyrell v Bouyea Baking Co.*, 194 AD2d at 833; *Matter of Gabisch v J. F. C. Rental Corp.*, 141 AD2d 960, 961 [1988]; *see also Matter of Giglia v Berger Indus.*, 127 AD2d 959, 960 [1987]; *Matter of Germain v Times Sq. Stores*, 92 AD2d 657, 657 [1983]; *Matter of Holloway v Camp Hatikvah*, 14 AD2d 638 [1961]). Here, while it is undisputed that James is not self-supporting and that decedent cared for him on some weekends and purchased some of his clothing, the record is bereft of any evidence as to the extent of such financial contributions, the extent of James' needs or the effect of the loss of decedent's contributions on James (*see Matter of Martorana v Tensolite Insulated Wire Co.*, 14 AD2d 462, 462-463 [1961]; *see generally* 109 NY Jur 2d, Workers' Compensation § 328). Specifically, no proof was presented that either James or his legal guardians were dependent on decedent's contributions or that James' needs will not continue to be met by his guardians. Thus, the Board's determination that James was decedent's dependent and, therefore, eligible for death benefits pursuant to Workers' Compensation Law § 16 (2-a) is not supported by substantial evidence.

Cardona, P.J., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.