■ In the Matter of the Claim of MARSHA DICKINSON, Respondent, v CAPE VINCENT VOLUNTEER FIRE DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [967 NYS2d 144]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed September 22, 2011, which, among other things, ruled that claimant was entitled to dependency benefits pursuant to Volunteer Firefighters' Benefit Law § 7 (46).

Claimant, decedent's mother, applied for death benefits after decedent was shot and killed by a patient in the course of his work as a volunteer firefighter/emergency medical technician. As is relevant here, claimant sought support payments for herself and decedent's younger brother, alleging that they were "dependent upon the deceased at the time of" his death (Volunteer Firefighters' Benefit Law § 7 [46]). The Workers' Compensation Board ultimately agreed, and the employer and its workers' compensation carrier appeal.

"The issue of dependency is a factual one for the Board to resolve and, if supported by substantial evidence, its decision will not be disturbed" (*Matter of Ellis v Cyclone Coasters*, 269 AD2d 649, 649-650 [2000] [citation omitted]; *cf. Matter of Plew-Jourdanais v Adirondack Heating & Frost Insulators, Inc.*, 80 AD3d 1111, 1111-1112 [2011]). Here, the record reflects that decedent lived with claimant, his stepfather and his younger brother; claimant and the stepfather worked very little due to their physical limitations, and decedent's brother, who was a high school student, worked part time at a grocery store. Decedent, on the other hand, worked two jobs and, as such, was the primary breadwinner for the family. Specifically, the evidence demonstrates that decedent devoted a substantial portion of his income to paying family expenses, including utility, cable, grocery and telephone bills, as well as heating fuel and transportation costs, and that the family both relied upon those financial contributions at the time decedent was killed and was significantly affected when such contributions ceased. Given these facts, the Board properly found "that the loss of . . . decedent's financial contribution had an adverse or detrimental effect on the claimant" and decedent's brother (*Matter of Plew-Jourdanais v Adirondack Heating & Frost Insulators, Inc.*, 80 AD3d at 1112), thereby warranting an award of benefits (*cf. Matter of Estupinan v Cleanorama Drive-In Cleaners*, 32 AD2d 1026, 1026 [1969], *affd* 27 NY2d 867 [1970]; *Matter of Virkler v B. R. De Witt, Inc.*, 24 AD2d 669, 670 [1965]).

Rose, J.P., Spain and McCarthy, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.