■　In the Matter of the Claim of RICHARD BECKER, Appellant, v TRICON IMPORTS, INC., Subsidiary of PIER I IMPORTS, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed January 21, 1977, which affirmed the referee's determination that the employer had not discriminated against the claimant in violation of section 120 of the Workers' Compensation Law. A majority of the board found: "that the Employer did not discriminate against the Claimant and that there has been no violation of section 120 of the Workmen's Compensation Law." This decision is supported by substantial evidence in the record (cf. *Matter of Axel v Duffy-Mott Co.,* 62 AD2d 651). Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.

■　In the Matter of the Claim of EPIFANIO Q. HERNANDEZ, Respondent, v FRANGELLA BROS., INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed February 10, 1977, which found that the claimant was a dependent of the deceased employee within the meaning of the Workers' Compensation Law. The issue before this court is whether the decedent's father, who lived in Puerto Rico, is a dependent within the meaning of the Workers' Compensation Law. The decedent's father, the claimant herein, had sustained a serious injury in 1951 which precluded him from doing "steady work" thereafter. The claimant testified that, after the decedent moved to the State of New York, "he always mailed me money, sometimes every week, sometimes once a month". The amount of money ranged from $15 to $60. Although the testimony is disjointed and somewhat confusing, it appears that during the year preceding the son's death he gave the claimant over $2,000. The claimant testified that his decedent son continually provided support until the fatal accident. The proof established a pattern of contributions to the father on the part of the decedent from his earnings from which it was reasonable for the board to infer that the father's standard of living was detrimentally affected by the loss of the son's contributions. Questions of dependency and contribution are questions of fact for the board, and in this instance there is substantial evidence to support the determination of the board (*Matter of Smith v Crosson's Serv. Sta.,* 28 AD2d 577; *Matter of Telarico v Conway,* 28 AD2d 776). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.