■ RICHARD BECKER, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated August 10, 1980, which affirmed a determination and order (one paper) of the State Division of Human Rights, dated June 27, 1980, dismissing, after an investigation and upon a finding that no probable cause existed, the petitioner's complaint of an unlawful discriminatory act relating to employment because of age. Order confirmed and proceeding dismissed, without costs or disbursements. The determination of the State Division of Human Rights was neither arbitrary nor capricious. The determination that no probable cause existed is supported by the evidence in the record (*Kowalski v Nassau County Bd. of Supervisors,* 57 AD2d 858). Titone, J. P., Gibbons, Thompson and Niehoff, JJ., concur.

■ BROADLAWN HARBOR ASSOCIATION, INC., Appellant, v AETNA CASUALTY & SURETY COMPANY, Respondent. — In an action to recover on an insurance contract, plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated May 27, 1982, which granted defendant's motion to open its default in answering on condition that it pay plaintiff the sum of $250. Order reversed, on the law, with $50 costs and disbursements, motion denied and matter remitted to the Supreme Court, Nassau County, for an assessment of damages against defendant. The excuse proffered by defendant for its failure to serve an answer until some four months after service upon it of the summons and complaint, and only subsequent to plaintiff's motion for leave to enter a default judgment and for an assessment of damages, amounts to nothing more than law office failure (see *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *Forde v City of New York,* 90 AD2d 822). Accordingly, the default should not have been opened. Lazer, J. P., Weinstein, Bracken and Rubin, JJ., concur.