**Richard BECKER, Plaintiff,**

v.

**WENCO FOODS/WENDY'S, Defendant.**

**No. CV 82–2675.**

United States District Court,
E.D. New York.

June 4, 1986.

Richard Becker, pro se.

Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, New York City, for defendant; Alfred G. Feliu, of counsel.

MISHLER, District Judge.

Plaintiff applied for a position as a Manager Trainee with Wenco Food Systems, Inc. and his application was rejected. He brought this action charging defendant with age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The case was tried to the court without a jury. We set forth our findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

### FACTS

Plaintiff, in response to newspaper advertisements for Management Trainees, applied for a position with Wenco Food Systems, Inc. ("Wenco") in December, 1979. He was 43 years old. He submitted a written application and included a copy of his resume which detailed his experience in retail management. The form provided by defendant asked whether the applicant was "between 18–65," to which plaintiff answered "Yes." His resume did not indicate his age or date of birth.

Plaintiff was subsequently interviewed by Wenco's Director of Personnel, who "question[ed] [plaintiff's] suitability to fast food." The interviewer did not inquire as to plaintiff's age. On December 10, 1979 plaintiff was sent a letter advising him that the company was unable to extend an employment opportunity to him and that the position for which he had applied had been "filled by an applicant [who] had the best background to perform the duties involved."

At the time of plaintiff's application, Wenco had several open positions. At the time of plaintiff's rejection, three individuals were hired. In the opinion of the Personnel Director, these individuals, aged 28, 37 and 42, had qualifications superior to those of plaintiff. All three had experience in the fast-food industry. In addition, all three were rated highly on the intangible factors evaluated at the interview: enthusiasm, motivation, ability to make quick decisions and ability to manage and motivate employees.

Although plaintiff continued to apply for ongoing openings advertised by Wenco he was never hired, and he filed discrimination charges with the Nassau County Commission on Human Rights ("Nassau County Commission") and the Equal Employment Opportunity Commission ("EEOC"). The Nassau County Commission concluded that the evidence presented did not support plaintiff's charges. The EEOC advised plaintiff of his right to bring legal action, and this action was commenced.

### DISCUSSION

The ADEA provides that it is unlawful for an employer "to fail or refuse to hire ... any individual ... because of such individual's age." 29 U.S.C. § 623(a). Its protection is afforded to individuals "who are at least 40 years of age but less than 70 years of age." 29 U.S.C. § 631(a). The plaintiff bears the burden of demonstrating that the refusal to hire was because of his age. *Haskell v. Kamen Corp.*, 743 F.2d 113, 119 (2d Cir.1984). The burden then shifts to the defendant, who must produce "some legitimate non-age-discriminatory reason" for its action. *Id.* at n. 1. The ultimate burden of proving age discrimination, however, remains with the plaintiff. *Id.* Plaintiff has failed to satisfy this burden.

In order to establish a *prima facie* case of age discrimination, plaintiff must establish that: (1) he belonged to the protected class; (2) he applied for and was qualified for the position sought; (3) he was not hired despite his qualifications; and (4) the position was ultimately filled by a younger individual. *See Stanojev v. Ebasco Services, Inc.*, 643 F.2d 914, 919–20 (2d Cir.1981). Plaintiff meets this initial burden. At the time of his rejection he was 43 years old. He formally applied for a position with Wenco, and based on his managerial experience appears to have been a suitable candidate. Despite this background he was not hired, and at least two available positions were subsequently filled by younger individuals.

Plaintiff having established his *prima facie* case, the burden shifts to defendant to produce legitimate reasons for its actions. *Haskell v. Kamen Corp., supra*, 743 F.2d at 119 n. 1; *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Stanojev v. Ebasco Services, Inc., supra*, 643 F.2d at 920 (*McDonnell Douglas* principles appropriate for use in ADEA cases). This it has successfully done. The interviewing process, designed to assess intangible factors essential to success in the fast-food industry, disclosed that other applicants were more suited to managerial work of this type. Because other applicants were better qualified to enthusiastically motivate and manage subordinates and make quick decisions, they were hired and plaintiff was not.

Apart from characterizing defendant's rationale as a "sham," plaintiff did little to rebut defendant's case. *See McDonnell Douglas Corp. v. Green, supra*, 411 U.S. at 804, 93 S.Ct. at 1825 (plaintiff must have opportunity to show that defendant's asserted reason is pretext). While he did demonstrate that Wenco had numerous, ongoing openings for management employees, this fact alone is of little value to his case. Defendant's assessment of plaintiff's suitability is no less valid because it was used as the basis for decisions on more than one occasion.

Plaintiff has failed to prove by a preponderance of the evidence that defendant failed to hire him for age discriminatory reasons. The claim against defendant is dismissed.

## CONCLUSION

The Clerk is directed to enter judgment in favor of defendants and against plaintiff dismissing the complaint.

SO ORDERED.