Richard BECKER, Plaintiff,

v.

DUNKIN' DONUTS OF AMERICA, INC., Defendant.

No. 82 Civ. 7860 (RLC).

United States District Court, S.D. New York.

May 21, 1987.

Richard Becker, pro se.

Braverman & Rosen, New York City, for defendant; David S. Preminger, Steven L. Schultz, of counsel.

## OPINION

·ROBERT L. CARTER, District Judge.

As in other judicial districts, plaintiff Richard Becker is a familiar litigant in this court, having brought 17 actions here in the last five years.[1] Becker is also no stranger to administrative tribunals in this area, having filed 124 age discrimination charges with the New York office of the Equal Employment Opportunity Commission ("EEOC").[2] His equally prodigious efforts elsewhere have resulted in his having been all but barred from bringing discrimi-

---

1. Defendant's 3(g) Statement, ¶ 24. He filed some 16 actions in the Eastern District of New York during the four years between 1981 and 1985. *Id.* ¶ 22.

2. *Id.* ¶ 19. He also filed 19 complaints in the EEOC's Boston office. *Id.*

nation actions in at least one other district.[3] The Second Circuit recently made note of his history of bringing unsubstantiated claims of age discrimination, and barred him from filing papers in that court until he complied with sanctions he had incurred prosecuting those actions.[4]

In this action, Becker charges defendant Dunkin' Donuts of America, Inc. ("Dunkin' Donuts") with violating the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). Dunkin' Donuts moves for (1) summary judgment; (2) an injunction prohibiting Becker from applying for employment with Dunkin' Donuts and from filing any age discrimination actions in any court or administrative agency; (3) an order holding Becker in contempt of court for failing to comply with a prior court order; and (4) costs and attorney's fees.

## BACKGROUND

Richard Becker was born on April 4, 1936. He graduated from New York University with a degree in marketing in 1958. Amended Complaint, ¶ 6. Since then, he has held a number of jobs, although it is difficult to determine exactly what he has done in light of his admitted history of false claims regarding past employment. *See* Defendant's Memorandum, Exhibit N.

This suit grows out of Dunkin' Donuts's decision not to hire Becker as a District Manager in the Philadelphia, Pennsylvania area, and as a Manager Trainee in Long Island, New York. In the Dunkin' Donuts company, a District Manager is a full-time middle management employee who acts as a liaison between the company and franchise owners, and is responsible for marketing, financial planning, work plans, and profit objectives for shops in his district. Woogmaster Affidavit, ¶ 5. By letter dated July 1, 1980, Becker applied for the District Manager position in response to an advertisement in the *New York Times*. Becker's letter expressed an interest in the job and stated "enclosed is a copy of my resume' [sic] for your perusal [sic] and serious consideration. It should be noted

that I am responsiblee [sic] for a 4 million [sic] store to include a Donut Concession." Defendant's Memorandum, Exhibit S. Attached was a resume, which also contained numerous spelling mistakes and grammatical errors. *See id.* It indicates that Becker frequently changes jobs and that he lives in Bellport, New York. Dunkin Donuts's policy was not to relocate employees for this position. Woogmaster Affidavit, ¶ 6 . The resume does not indicate Becker's date of birth or exact age, except it notes that he served in the Army between 1958 and 1961. Defendant's Memorandum, Exhibit S. By letter dated July 10, 1980, Dunkin' Donuts informed Becker that it would not hire him. *Id.*

Becker applied for the position of Manager Trainee in response to an advertisement placed in *Newsday*. This time defendant called him in for an interview. Interviews for the position were held at the Howard Johnson Motor Inn in Commack, New York on January 26, 1981. Becker was given the last interview slot of the day and told to check in with the motel clerk before going to the room where the interviews were being conducted. Becker arrived late and did not stop first at the desk. He did not apologize to the interviewer for his lateness. On January 27, 1981, defendant informed Becker by letter that he would not be hired. Pastorello Affidavit, ¶¶ 5–11. Becker has continued to file numerous applications for both District Manager and Manager Trainee positions. Woogmaster Affidavit, ¶ 17.

Before filing this action, Becker filed an age discrimination complaint against defendant with the Massachusetts Commission Against Discrimination, which was dismissed for lack of jurisdiction, and with the EEOC, which could not resolve the dispute. Defendant's Memorandum, Exhibit E.

Plaintiff filed this action on November 26, 1982. Upon plaintiff's application, the court appointed counsel to represent him, and counsel filed an amended complaint in May, 1983. The amended complaint al-

---

**3.** *See In re Richard Becker,* (E.D.N.Y. Aug. 6, 1985).

**4.** *Becker v. Adams Drug Co.,* 819 F.2d 32 (2d Cir.1987).

leged two causes of action, one alleging age discrimination in defendant's failure to hire plaintiff, and one alleging that defendant had failed to hire plaintiff because plaintiff had previously filed a discrimination charge against it. After defendant filed an Answer and interrogatories and responses to interrogatories were served, *see* Defendant's Memorandum, Exhibits C–I, defendant filed a motion to dismiss plaintiff's second cause of action, which was denied by endorsement. *Becker v. Dunkin' Donuts of America, Inc.*, No. 82 Civ. 7860 (S.D.N.Y. June 29, 1983) (Carter, J.).

The court set a discovery cut-off date of September 30, 1983, and defendant noticed plaintiff's deposition for September 6, 1983. At plaintiff's request, his deposition was twice adjourned, the second time to September 22, 1983. Prior to September 22, 1983, plaintiff's attorneys served a motion to be relieved as counsel along with a request for extension of the discovery deadline. In his affidavit in support of the motion to be relieved, Daniel G. McDermott, Esq., relied upon, *inter alia*, ¶ 59(a)(iv) of the Procedures Regarding Appointment of Attorneys in *Pro Se* Actions. This paragraph, part of which parrots the language of Rule 11, F.R.Civ.P., states in relevant part, that any attorney may be relieved if

> the attorney believes that the party is proceeding for purposes of harassment or malicious injury, or that the parties' claims or defenses are not supported by fact or are not warranted under existing law and cannot be supported by good faith argument for extension, modification, or reversal of existing law.

Defendant's Memorandum, Exhibit K.

The court granted counsel's motion by memo endorsement "with the proviso that plaintiff's deposition by defendant be scheduled no later than October 15, 1983, and that counsel represent plaintiff at that deposition...." *Becker v. Dunkin' Donuts of America, Inc.*, No. 82 Civ. 7860 (S.D.N.Y. Oct. 5, 1983) (Carter, J.). No extension of time to complete discovery was granted, and October 15, 1983, was set

for plaintiff's deposition. Defendant's Memorandum, Exhibit L. Plaintiff failed to appear for his deposition as ordered by the court, but, instead, moved *pro se* to adjourn the deposition. On November 17, 1983, the court ordered that plaintiff's deposition was to be taken and completed on or before November 23, 1983. Plaintiff was also warned that failure to comply with the court's order might result in dismissal of his case pursuant to Rule 37, F.R.Civ.P. *Becker v. Dunkin' Donuts of America, Inc.*, No. 82 Civ. 7860 (S.D.N.Y., Nov. 17, 1983) (Carter, J.). On November 23, 1983, plaintiff's deposition was taken by defendant.

After the court denied plaintiff's motion for reappointment of counsel, plaintiff requested that the court recuse itself and reassign the case. The court denied this motion as well and granted defendant's request for costs and attorney's fees incurred in responding to the motion, noting that "[p]laintiff keeps up a constant flow of frivolous filings with the court. All have heretofore been without merit, and the frivolous flow must be curbed...." *Becker v. Dunkin' Donuts of America, Inc.*, No. 82 Civ. 7860 (S.D.N.Y. May 21, 1985) (Carter, J.). By decision dated June 14, 1985, the court assessed attorney's fees and costs in the amount of $660.65 against plaintiff. *Becker v. Dunkin' Donuts of America, Inc.*, No. 82 Civ. 7860 (S.D.N.Y. June 14, 1985) (Carter, J.).

Plaintiff then sought to file an interlocutory appeal of the court's order, which was dismissed as frivolous. *Becker v. Dunkin' Donuts of America, Inc.*, No. 82 Civ. 7860 (S.D.N.Y. Aug 15, 1985) (Carter, J.). To date, plaintiff has failed to comply with the court order. No application for a stay of the June 14, 1985 order was sought or granted.

## DISCUSSION

### A. Summary Judgment

Rule 56(c), F.R.Civ.P., provides that summary judgment is appropriate if there "is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *Id.* "When the moving party has carried its burden ...

its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. ... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, ——, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations and footnote omitted).

The ADEA makes it unlawful for an employer to fail or refuse to hire any individual because of such individual's age. 29 U.S.C. § 623(a)(1). The act also makes it unlawful for an employer to discriminate against applicants for employment because such individual has made a charge under the ADEA. 29 U.S.C. § 623(d).

Under the ADEA, "[t]he plaintiff has the burden of proving that 'age was the "determining factor" ' " in an adverse employment decision. *Pena v. Brattleboro Retreat*, 702 F.2d 322, 323 (2d Cir.1983) (citation omitted). The burden of proof, however, shifts much like it does in the Title VII context. *Id.; see also* 42 U.S.C. § 2000e *et seq.* Thus:

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Pena, supra,* 702 F.2d at 324 (quoting *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981)).

To meet his initial burden of proving a prima facie case, Becker must prove that (i) he is between the ages of 40 and 70 (the protected class); (ii) he has qualified for the positions he applied for; (iii) he was adversely affected by the decision not to hire him; and (iv) the positions were filled by younger individuals equally or less qualified than himself. *Id.; see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

The first three of these elements need not be considered because plaintiff has failed to demonstrate that the positions at issue in the first cause of action were made available to younger individuals with similar or less impressive qualifications. *See Pena, supra,* 702 F.2d at 323. Plaintiff's only proof on this issue consists of personal "[o]bservations made by plaintiff in defendant's stores including those in Holbrook and Hauppauge." *See* Defendant's Memorandum, Exhibit I. Plaintiff never spoke to these people and never learned their positions, their qualifications, or their ages. *See id.*, Exhibit N. He never learned who was actually hired for the positions to which he applied. *Id.* Defendant's motion for summary judgment on plaintiff's first claim thus is appropriate. *See Pena, supra,* 702 F.2d at 323.[5]

Plaintiff's second cause of action also cannot withstand a motion for summary judgment. That claim alleges that defendant retaliated against him for filing an age discrimination complaint with the Massachusetts Commission Against Discrimination on September 10, 1980. Amended Complaint ¶¶ 22–27. In light of the fact that defendant interviewed plaintiff for the position of Manager Trainee on January 26, 1981—some four months later—this claim lacks logical consistency. No purpose would be served by a trial. *See Matsushi-*

---

5. Even assuming plaintiff had established a prima facie case, he has "adduced no evidence whatsoever to demonstrate that [Dunkin' Donuts's] proffered reasons for [not hiring him] are pretextual." *Carlton v. Interfaith Medical Center*, 612 F.Supp. 118, 122 (E.D.N.Y.1985). With respect to the District Manager job, plaintiff submitted a cover letter and resume fraught with spelling errors and grammatical mistakes. *See* Defendant's Memorandum, Exhibit S.

With respect to the Manager Trainee position, plaintiff arrived late for his interview, failed to follow directions, and failed to apologize for his mistakes. *See* Pastorello Affidavit, ¶¶ 8–10.

**216**

*ta, supra*, 475 U.S. at ——, 106 S.Ct. at 1356.

**B. Injunctive Relief**

Dunkin' Donuts also moves to enjoin Becker from filing further applications for employment, and from filing age discrimination charges against defendant in any court or state or federal agency. It is well-established in this circuit that a defendant may seek to enjoin a party who has "[a] history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and [who poses] 'an unnecessary burden on the courts and their supporting personnel.'" *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir.1984). In such cases, "the traditional standards for injunctive relief, *i.e.* irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *Id.*

The court has "the power and the obligation to protect" not only Dunkin' Donuts but "the public and the efficient administration of justice from [Becker's] litigious propensities." *Id.* It is obvious that granting defendant's motion for summary judgment, by itself, will not free the defendant or the court from the expense and aggravation of future actions. As the Second Circuit recently noted, Becker has a long history of bringing "unsubstantiated claims of age discrimination." *Becker v. Adams Drug Co.*, 819 F.2d 32, 33 (2d Cir. 1987). Judge Mishler of the Eastern District of New York, who has also had Becker as a litigant in his court, has explained that "[Becker] has made a business of litigation," which consists of filing job applications by the score and using a company's rejections as the grounds for future discrimination actions alleging that the company failed to hire him in retaliation for the past charges. The suits are "without merit and designed solely for the purpose of extracting and possibly extorting a settle-

ment from the employer." *Becker v. Record World*, No. 82–2058, transcript at 23 (E.D.N.Y. July 10, 1985).

Judge Mishler's comment was prompted not only by the frivolous case before him but the 15 other age discrimination suits Becker brought in the Eastern District between 1981 and 1985. *Id.* at 24. As noted above, Becker has brought 17 actions in this district in the past five years, and has filed at least 124 age discrimination charges with the EEOC's New York regional office. While this action has been pending, Becker filed another age discrimination charge against Dunkin' Donuts with the Massachusetts Commission on Civil Rights and two new charges with the EEOC. *See* Defendant's Memorandum, Exhibit Y. Moreover, in keeping with Becker's strategy as explained so aptly by Judge Mishler, he has written at least two letters to Dunkin' Donuts seeking employment. *See id.*, Exhibit X.

There is no question that Dunkin' Donuts is entitled to an injunction barring Becker from applying for further jobs with the company. *See Martin-Trigona, supra*, 737 F.2d at 1262–63; *Heath v. Warner Communications, Inc.*, No. 85 Civ. 1269, slip. op. at 21 (S.D.N.Y. May 21, 1986) (Lowe, J.). [Available on WESTLAW–DCT database]. In light of Becker's history of bringing spurious age discrimination actions against other defendants as well, the court, in addition, feels compelled to issue an injunction covering this district similar to that issued by Judge Mishler in the Eastern District.[6] Judge Mishler enjoined Becker from bringing any discrimination action unless the complaint is accompanied by a affidavit setting forth the evidence supporting his claim and identifying the names and addresses of every witness he intends to call. For the claim to go forward, the complaint must be approved by a judge in the district. *In re Richard Becker*, order at 3 (E.D.N.Y. Aug. 6, 1985).[7]

6. There is no question that the court has the power to widen the scope of the injunction in this manner. *See Martin-Trigona, supra*, 737 F.2d at 1261.

7. Judge Mishler's order reads in pertinent part:

ORDERED that the Clerk of this court shall not accept any complaints from Richard Becker stating claims for discrimination in employment unless the complaint is supported by an affidavit setting forth the evidence to support the claim and said complaint

The court hereby adopts Judge Mishler's injunction for actions filed in the Southern District of New York except that the injunction is broadened to include actions of any kind, other than actions including allegations of judicial misconduct. *See Martin-Trigona*, 737 F.2d at 1263. Moreover, Becker will henceforth be required to include in his supporting affidavit a list of all other actions he has brought against the defendant being sued, as well as notice of the existence of the special limitations placed upon him as a litigant. *Id.* at 1262.

In addition, to protect Dunkin' Donuts from defending against spurious age discrimination actions in other districts, the court hereby orders that Becker may only file age discrimination actions against Dunkin' Donuts in federal court subject to the same conditions regarding the filing of complaints in this district. Finally, although the court believes it would not be appropriate to restrict Becker from similarly invoking the jurisdiction of a state court or a state or federal agency, *see Pena, supra,* 737 F.2d at 1263, any future claim that Becker files with any such tribunal must include notice of the limitations herein placed upon him as a litigant.

### C. Contempt

Dunkin' Donuts seeks to hold Becker in contempt of court for his failure to comply with the court's order of June 14, 1985, requiring him to pay attorney's fees and costs in the amount of $660.65. A "party may be held in civil contempt for failure to comply with an order of the court if the order being enforced is 'clear and unambiguous, the proof of noncompliance is "clear and convincing,"' and the [party against whom it is issued has] not 'been reasonably diligent and energetic in attempting to accomplish what was ordered.'" *Equal Employment Opportunity Commission v. Local 638 ... Local 28 of the Sheet Metal Workers' International Ass'n*, 753 F.2d

1172, 1178 (2d Cir.1985), *aff'd,* —— U.S. ——, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986) (citations omitted). It is not necessary to show that the order has been willfully disobeyed. *Id.*

■ By order dated June 14, 1985, the court assessed attorney's fees and costs in the amount of $660.65 against plaintiff. To date, almost two years later, plaintiff has failed to comply, despite numerous letters from defendant, and the court's dismissal of plaintiff's attempt to file an interlocutory appeal regarding the order. *See* Defendant's Memorandum, Exhibit W. The order itself is clear, it is evident plaintiff is not in compliance, and there is no indication that plaintiff has made any attempt to comply, nor that he has any valid reason to resist compliance. He is adjudged in contempt, and is ordered to make immediate payment of the $660.65 to defendant. Moreover, until payment is made, the clerk of this court is directed to accept no further papers from plaintiff in this or any other matter. *See Becker v. Adams Drug Co., supra,* at 33 (barring Becker from filing papers in circuit court until Becker complies with sanctions).

### D. Rule 11

■ Finally, defendant seeks to recover its costs and attorney's fees pursuant to 28 U.S.C. § 1927, Rule 11, F.R.Civ.P., and the court's equitable powers. Becker's spurious complaint, and the multitude of equally spurious motions and other papers he has filed in support of his claim, unquestionably entitle defendant in principle to costs and attorney's fees under any standard. *See, e.g., Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698 (2d Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986) (28 U.S.C. § 1927); *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975) (court's equitable powers); *Eastway Construction*

---

is approved for filing by a judge of this court, and it is further

ORDERED that Richard Becker shall not commence any action in this court based on discrimination in employment unless said complaint is accompanied by an affidavit stat-

ing in detail the evidence he is ready and able to present supporting his claim and identifying the name and address of every witness he intends to call and the substance of the witness's testimony.

*Id.*

*Corp. v. City of New York,* 762 F.2d 243 (2d Cir.1985) (Rule 11). In this circuit, however, "it lies well within the district court's discretion to temper the amount to be awarded against an offending [litigant] by balancing consideration of his ability to pay." *Oliveri v. Thompson,* 803 F.2d 1265, 1281 (2d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). On the facts of this case, and taking Becker's financial condition into account, the court finds that compliance with its earlier order requiring Becker to pay $660.65 is a sufficient sanction. No further award is necessary or desirable. *See id.*

## CONCLUSION

In sum, defendant's motion for summary judgment is granted, and Becker is enjoined from applying for any position of employment with defendant. Plaintiff is held in contempt of court for failure to abide by the court's previous order requiring him to pay $660.65. He is to pay that sum forthwith and, until he provides the court with adequate proof of payment, the clerk of this court is directed to accept no further papers from plaintiff in this or any other matter. It is further ordered that even after Becker makes payment the clerk of this court shall not accept a complaint from Richard Becker which states a claim of any kind other than an allegation of judicial misconduct unless the complaint is accompanied by an affidavit setting forth (i) the evidence supporting the claim; (ii) the names and addresses of the witnesses he intends to call and the substance of the testimony they will offer; (iii) a list of all other actions Becker has brought against the defendant being sued; and (iv) notice of the existence of this order. The complaint will only be approved for filing as an action upon the written approval of a judge of the court. Becker is further enjoined from filing any complaint alleging age discrimination against Dunkin' Donuts in any federal court unless the complaint is accompanied by an affidavit containing the information required by criteria i-iv above. Plaintiff may file a claim in state court or before a

state or federal agency only if his application for relief contains notice of this order.

IT IS SO ORDERED.