**Richard BECKER, Plaintiff,**

v.

**SHERWIN WILLIAMS and Equal Employment Opportunity Commission, Defendants.**

**Civ. No. 88–3863.**

United States District Court, D. New Jersey.

July 17, 1989.

E.E.O.C., Kathleen Oram, Wendy L. Adams, Washington, D.C., Jerome L. Merin, Asst. U.S. Atty., Newark, N.J., for defendant EEOC.

McCarter & English (John L. McGoldrick, David S. Osterman, of counsel), Newark, N.J., for defendant Sherwin Williams.

Robert E. Harlow, Meneola, N.Y., for plaintiff, Richard Becker.

## OPINION

SAROKIN, District Judge.

### INTRODUCTION

We have the most remarkable judicial system in the world. Although litigation expenses have risen dramatically over the years, the courts remain open to anyone to pursue legitimate claims no matter what a person's financial condition or station in life. Those who cannot afford to pay even the required filing fee are nonetheless granted access to the courts. It is because of this essential policy of openness that we must be wary of those persons who block the entryway to or abuse the system.

Every frivolous suit requires time and attention and diverts the court from those matters which deserve its attention. Nowhere is this more apparent than in civil rights matters which demand investigation and attempts at conciliation by a federal agency in the first instance, and failing same, judicial review and determination. No function of the courts is more important than reviewing claims of discrimination based upon sex, national origin, religion, race or age. Therefore the filing of such claims without cause or basis trivializes the system and detracts from the thousands of legitimate claims which abound, and insults those who truly have been the victims of discrimination. Those who abuse the system for personal gain should be enjoined from continuing, and punished if they do not desist. The plaintiff herein, who has filed three hundred and twenty-one charges of discrimination to date, shall be so enjoined, and he is hereby forewarned that if he continues to utilize the judicial system as a means to harass and extort, he can expect to face further severe sanctions.

In this action brought under the Federal Age Discrimination in Employment Act of 1967, 29 U.S.C. Sec. 621 et seq. ("ADEA"), defendant Sherwin Williams moves for summary judgment pursuant to Fed.R. Civ.P. 56, and defendant Equal Employment Opportunity Commission ("EEOC") moves for dismissal pursuant Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Both defendants also move for injunctive relief, preventing the plaintiff from filing further complaints and taking other actions against them without first providing affidavits and other information.

### BACKGROUND

This action stems from plaintiff's repeated attempts to gain employment with defendant Sherwin Williams and Sherwin Williams' repeated rejections of his applications. Plaintiff's complaint alleges that he applied for positions with Sherwin Williams from 1980 until mid-April, 1986, and that he was "never hired while younger less qualified people were hired." Complaint at Paragraph 3. Plaintiff also alleges that defendant EEOC did not properly investigate or prosecute his complaint and demon-

strated bias against him. *Id.* Plaintiff's complaint requests back pay and damages in excess of ten million dollars.

Although plaintiff alleges that his cause of action arises out of his attempts to gain employment from Sherwin Williams beginning in 1980, defendant Sherwin Williams states that Mr. Becker first applied for a managerial position with Sherwin Williams in early January of 1986. Certification of A. Donald Katen at @2; Sherwin Williams' Brief in Support at 2. Plaintiff's cover letter referred to his educational background and experience in retail management, but it also contained numerous grammatical, spelling, and typographical errors, as well as spelling defendant's name improperly. Certification of A. Donald Katen at @3, Exhibit A. His handwritten application showed a poor employment history, indicating that he had been employed for only six of the preceeding twenty-four years. *Id.* Sherwin Williams' personnel manager, Mr. Donald Katen, sent plaintiff a letter on January 15, 1986, which thanked him for his application but indicated that the company had identified more qualified candidates. *Id.* at @4, Exhibit A.

Mr. Becker was apparently employed in Sherwin Williams' management trainee program for a short period of time in 1974[1], and the parties dispute whether he was at any time promoted to manager and the reasons for his termination. Upon his dismissal in 1974, Mr. Becker sued Sherwin Williams for wrongful termination and for failure to pay overtime. The state court dismissed plaintiff's claims of wrongful termination, and defendant Sherwin Williams contends that a settlement was reached with respect to plaintiff's overtime claims on January 29, 1986, which included a general release of all claims existing as of that date. Sherwin Williams' Brief in Support at 7. Mr. Becker, on the other hand, contends that no settlement agreement or general release was ever signed by him and that the state court proceeding is under reconsideration. Affidavit of Richard Becker in Opposition at @3; Letter of Richard Becker Dated March 28, 1989 at 2.

Once again in April of 1986, plaintiff applied for a managerial position with Sherwin Williams. His application listed an employment history which differed from that on his first application, listing jobs not stated on the first application and stating differing time periods of employment. Certification of A. Donald Katen at @5, Exhibit B. On May 8, 1986, Sherwin Williams sent plaintiff another letter informing him of the company's decision not to hire him. *Id.* Mr. Katen states that his decisions not to hire Mr. Becker in January and April of 1986 were based on a determination that Mr. Becker was not qualified for a management position and that his age was not a factor in the decisions. *Id.* at @@ 4, 5, 14.

In addition, Mr. Katen asserts that, at the time his employment decisions were made regarding Mr. Becker, he had no knowledge of the fact that plaintiff had previously filed any labor claims against Sherwin Williams. *Id.* at @13. In his January, 1986, application to Sherwin Williams, plaintiff stated that he had been previously employed by Sherwin Williams, although his later applications failed to disclose any prior employment with the company. *Id.*, Exhibit C. In one correspondence with plaintiff, Mr. Katen specifically requested that plaintiff clarify a reference to prior employment with Sherwin Williams, yet Mr. Becker failed to provide any clarification. *Id.*

At some point during the period between January of 1986 and April of 1988, plaintiff filed a complaint with the EEOC regarding the denial of employment of him by Sherwin Williams in January of 1986.[2] On

---

1. Although plaintiff's complaint indicates that he was employed by defendant Sherwin Williams as a trainee in 1972, his correspondence with defendants during the course of this action has indicated that his memory of specific dates is "fuzzy". The court makes no finding with respect to the correct year of Mr. Becker's employment with Sherwin Williams and does not consider it to be a material fact.

2. None of the parties specifies in their papers when this complaint was filed, although the log book excerpt submitted by the EEOC as an exhibit to the Declaration of Kathleen Oram indicates that plaintiff's complaint was assigned

March 31, 1988, the EEOC issued a determination that no violation of the applicable statutes had occurred. Affidavit of Richard Becker in Opposition, Exhibit A. The EEOC's determination was based on the denial of the allegations by Sherwin Williams and the representations of Sherwin Williams that its files showed no record of plaintiff's application, as well as on the fact that plaintiff did not furnish a copy of his application. The log book excerpts submitted with the Declaration of Kathleen Oram indicate that several phone calls were made to plaintiff with respect to his charges, but there is no indication that plaintiff ever returned those calls. Declaration of Kathleen Oram at @ 6. The EEOC concluded that it was unable to establish that plaintiff actually filed for employment with Sherwin Williams, and the complaint was dismissed. Affidavit of Richard Becker in Opposition, Exhibit A; Sherwin Williams' Brief in Support at 4–5.

In April of 1988, shortly after the EEOC dismissed plaintiff's complaint, Mr. Becker once again sent Sherwin Williams a letter and application for employment. Certification of A. Donald Katen at @ 6. Upon receipt of several phone calls from plaintiff requesting an interview, Mr. Katen agreed to interview plaintiff on April 22, 1988 at 10:00 a.m. *Id.* Mr. Becker called and cancelled the interview on April 22, and agreed to reschedule it for April 29, 1988 at 10:00 a.m. *Id.* at @ 7. On April 29, Mr. Becker did not show up at the scheduled time of 10:00 a.m., but arrived at the office at 4:00 p.m. without having called to indicate that he would be late. *Id.* at @ 8. Mr. Katen states that during the interview plaintiff provided an employment history which differed from that in his previous applications and that he "spoke in broken sentences,

with little or no eye contact." *Id.* at @@ 9–10.

As a result of the interview and in response to plaintiff's continued requests that Sherwin Williams hire him, Mr. Katen sent letters to plaintiff on May 11, May 26, and June 8, 1988, explaining his concerns regarding his employment history and qualifications and indicating that he would not be hired. *Id.* at @ 11, Exhibit C. Once more in October of 1988, plaintiff wrote to Sherwin Williams, expressing an interest in employment and requesting an interview, and once more Mr. Katen responded that Sherwin Williams was not interested in hiring him. *Id.* at @ 12, Exhibit D.

Plaintiff brought this action against defendants Sherwin Williams and EEOC in September of 1988, alleging violations of the ADEA and the Age Discrimination Claims Assistance Act of 1988, Public Law No. 100–283, 102 Stat. 78 ("ADCAA"), as well as asserting claims for libel, slander, conspiracy, negligence, defamation, retaliation, and false imprisonment. Complaint at @@ 4, 5. Defendant Sherwin Williams now moves for summary judgment pursuant to Fed.R.Civ.P. 56, contending that plaintiff has not established any issue of fact which might support his claims of age discrimination. Defendant EEOC now moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), asserting that the court lacks subject matter jurisdiction over plaintiff's claims against the EEOC and that plaintiff has failed to state a claim upon which relief may be granted.[3]

## DISCUSSION

### I. Sherwin Williams' Summary Judgment Motion

In order to prevail on its motion for summary judgment, defendant Sherwin

---

for investigation on July 24, 1987. Plaintiff's Opposition of Dual Summary Judgment Motions states that his EEOC complaint was filed in 1986 and that it covers the actions of Sherwin Williams in denying him employment up to May 8, 1986. Although it would be helpful in establishing the chronology of events in this matter to determine when plaintiff filed his EEOC complaint and what employment decisions were covered in that complaint, the court concludes that resolution of this issue is not material to defendants' motions for summary judgment and dismissal.

**3.** Defendant EEOC also contends that the doctrine of sovereign immunity bars plaintiff's suit insofar as it seeks money damages against the EEOC, an agency of the United States government. Plaintiff concedes in his Affidavit in Opposition that he is barred from obtaining a money judgment against the EEOC.

Williams must show that there are no genuine issues of material fact and that, viewing the facts in the light most favorable to plaintiff, Sherwin Williams will prevail on its claims as a matter of law. Fed.R.Civ.P. 56. *See, Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Wisniewski v. Johns–Manville Corp.,* 812 F.2d 81, 83 (3d Cir.1987); *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). However, once a party has submitted affidavits or other evidence in support of a motion for summary judgment, the party opposing the motion may not simply rest on the allegations in the pleadings but must present affirmative evidence showing that there are genuine issues of fact for trial. Fed.R.Civ.P. 56(e).

■ Sherwin Williams first argues that the settlement of plaintiff's earlier claims against Sherwin Williams in state court on January 29, 1986, precludes the present action. Although the settlement agreement entered on the record in that state court proceeding clearly indicates that a general release would be executed and delivered between the parties, covering all claims which plaintiff had against Sherwin Williams as of that date, plaintiff correctly points out that the court has not been provided with a signed general release or stipulation of settlement. The court concludes that plaintiff has demonstrated an issue of fact regarding whether a general release was ever executed by either or both of the parties. In addition, even if such a release had been signed by plaintiff, plaintiff would not be precluded from asserting claims which arose after the execution of the general release.

■ Defendant Sherwin Williams' next assertion is that plaintiff has failed to establish any issue of fact regarding Sherwin Williams' liability under the ADEA and ADCAA.[4] Plaintiff's burden under the ADEA is to demonstrate that age was the determinative factor in defendant Sherwin Williams' adverse employment decision. *See, Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Thus, plaintiff must show that he was qualified for the particular job but that circumstances exist which give rise to an inference that he was not hired due to unlawful discrimination by the defendant. *O'Hara v. Board of Education of Vocational School in Camden County,* 590 F.Supp. 696, 704 (D.N.J.1984), *aff'd in part, remanded in part,* 760 F.2d 259 (3d Cir.1985). If plaintiff is able to establish a prima facie case of discrimination, the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for the adverse employment decision. *Texas Department of Community Affairs,* 450 U.S. at 253, 101 S.Ct. at 1093. Plaintiff bears the ultimate burden of proof to establish factual issues which demonstrate that the reasons stated by Sherwin Williams for rejecting his applications were merely a pretext for discrimination. *See, O'Hara,* 590 F.Supp. at 704; *Becker v. Dunkin' Donuts of America, Inc.,* 665 F.Supp. 211 (S.D.N.Y.1987).

■ The court concludes that plaintiff has failed to establish any issue of fact regarding either his qualifications for a managerial position with Sherwin Williams or discrimination on the part of Sherwin Williams based on plaintiff's age. Defendant Sherwin Williams would have been justified in rejecting Mr. Becker's many applications for employment solely on the basis of his cover letters, which were sloppy, unprofessional, and demonstrated deficient communication skills. In addition, his representations regarding his employment record were inconsistent from application to application, and showed a great deal of instability in his history of employment. Finally, plaintiff has submitted nothing to the court which supports an inference that plaintiff's age was a determinative factor

---

**4.** The ADCAA does not provide plaintiff with any substantive cause of action against either defendant. Rather, it serves merely to extend the ADEA statute of limitations under certain circumstances. As such, the ADCAA cannot be the sole basis for a defendant's liability.

in Sherwin Williams' rejection of his applications.

With respect to his claim that Sherwin Williams discriminated against him based on his age, plaintiff merely makes the conclusory allegation in his Affidavit in Opposition that "younger persons, no better qualified than I, were hired for the positions." Affidavit of Richard Becker in Opposition at @ 4. He claims that he knows that younger persons were hired by Sherwin Williams between 1985 and 1986 based on personal observations in 1987 that the managers of two of defendant's stores were in their mid-twenties and based on the representation of an acquaintance in his mid-twenties who was hired by Sherwin Williams during the 1985–86 period. *Id.* at @ 8. Even if the above representations regarding the hiring of younger persons were true, plaintiff has presented nothing which would indicate that such persons were less qualified for the position than plaintiff. In light of the court's conclusions above regarding plaintiff's inability to demonstrate his own qualifications for a position with defendant, the court concludes that it is unlikely that plaintiff would be able to prove that he was a more qualified candidate than, or even as qualified as, the younger persons hired by Sherwin Williams.

Plaintiff has also failed to present any competent evidence which counters the assertion by Mr. Katen in his Certification in Support that his decisions not to employ plaintiff were made without any knowledge of plaintiff's prior actions against Sherwin Williams. Although plaintiff's affidavit alleges that Sherwin Williams' failure to hire him was retaliatory in nature, *Id.* at @ 7, plaintiff has submitted nothing which indicates that the personnel manager either knew of plaintiff's prior actions against the company, or if he knew of them, that his decision was in any way influenced by them. The court concludes that, viewing the facts on the record before the court in the light most favorable to plaintiff, plaintiff has failed to make out even a prima facie case of employment discrimination against defendant Sherwin Williams. The court will grant Sherwin Williams' motion for summary judgment and will dismiss plaintiff's complaint with prejudice.

## II. EEOC's Motion to Dismiss

■ Plaintiff alleges that the EEOC did not properly prosecute or investigate his complaint pursuant to the ADEA and the ADCAA. The court concludes that plaintiff has failed to state a claim under the ADEA upon which relief may be granted because plaintiff has not established the existence of any right of action against the EEOC under federal law.

Courts that have considered whether the EEOC may be sued as a result of its handling or disposition of a charge have uniformly held that such suits are precluded. *See, e.g., McCottrell v. Equal Employment Opportunity Commission,* 726 F.2d 350 (7th Cir.1984); *Ward v. Equal Employment Opportunity Commission,* 719 F.2d 311 (9th Cir.1983), *cert. denied,* 466 U.S. 953, 104 S.Ct. 2159, 80 L.Ed.2d 544 (1984); *Francis–Sobel v. Equal Employment Opportunity Commission,* 597 F.2d 15 (1st Cir.1979), *cert. denied,* 444 U.S. 949, 100 S.Ct. 421, 62 L.Ed.2d 319 (1979). In enacting Section 626(c) of the ADEA, Congress created an express remedy for claimants who were not satisfied with the actions of the EEOC in processing the complaint. Sections 626(c) and (d) provide for *de novo* review in federal district court once a complaint has been pending before the EEOC for more than sixty days. Nowhere in the ADEA does Congress expressly provide claimants with a remedy against the EEOC for dissatisfaction with the EEOC's processing of a complaint, and the plaintiff has not presented the court with any basis for implying such a remedy under the statute.

■ Because the court will grant defendant EEOC's motion to dismiss plaintiff's claims under the ADEA for failure to state a claim upon which relief may be granted, the court must next address its jurisdiction over plaintiff's state law claims against the EEOC. None of plaintiff's claims other than his claims brought under the ADEA can be said to arise under the Constitution, laws, or treaties of the United States. 28

U.S.C. Sec. 1331. Thus, the sole basis for this court's jurisdiction would be 28 U.S.C. Sec. 1332(a), which provides for original jurisdiction over

> all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States....

Plaintiff's complaint lists his address as being in the State of New York, and defendant EEOC's address is listed as being in the State of New Jersey. Complaint at @@ 1, 2. Even if the EEOC could be considered to be a "citizen" of any state for the purposes of diversity jurisdiction, however, plaintiff is unable to meet the amount in controversy requirement with respect to defendant EEOC. Plaintiff has already conceded in his Affidavit in Opposition that the doctrine of sovereign immunity precludes him from obtaining a money judgment against the EEOC. However, in Paragraph 21 of the Affidavit of Richard Becker in Opposition, plaintiff requests injunctive relief as an alternative to monetary relief, in the form of an order requiring the EEOC to "cease and desist from ignoring [his] complaints, cease and desist from prejudging [his] complaints and require them to reopen all the claims now in their hands."

■ The law is clear that when injunctive relief is sought, the amount in controversy requirement may be met if the value of the relief obtained exceeds $10,000. *Hunt v. Washington Apple Advertising Commission,* 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977). As the Supreme Court stated in *Smith v. Adams,* 130 U.S. 167, 175, 9 S.Ct. 566, 569, 32 L.Ed. 895 (1889),

> It is conceded that the pecuniary value of the matter in dispute may be determined, not only by the money judgment prayed, where such is the case, but in some cases by the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment.

However, in the present action, plaintiff has conceded that he cannot obtain a money judgment against defendant EEOC and has only requested injunctive relief with respect to the processing of his complaints, which relates solely to his claims under the ADEA. As the court ruled *supra,* plaintiff is precluded from asserting a cause of action against the EEOC relating to the EEOC's processing of his complaints; if dissatisfied with the EEOC's process, his sole remedy is to bring an action in district court for *de novo* review. Plaintiff's claims against the EEOC brought under the ADEA having been dismissed by the court, plaintiff is left with state law claims for which he has not requested injunctive relief and for which he is unable to obtain monetary relief. As such, the court concludes that plaintiff is unable to meet the jurisdictional amount in controversy requirement and thus that the court is without subject matter jurisdiction over plaintiff's remaining claims. The court will grant defendant EEOC's motion to dismiss plaintiff's complaint in its entirety.

### III. Defendants Sherwin Williams' and EEOC's Requests For Injunctive Relief and Sanctions

■ Defendants request that, in addition to dismissing plaintiff's complaint against them, this court issue an order permanently enjoining plaintiff from submitting further employment applications with Sherwin Williams and from filing age discrimination complaints against it in any governmental agency or tribunal unless he first obtains the permission of a court; and permanently enjoining plaintiff from filing any new employment discrimination charges with any of defendant EEOC's offices, or with any state or local fair employment practice agency that has a working relationship with defendant EEOC, without a supporting affidavit containing specific information regarding the facts supporting a charge of discrimination; and permanently enjoining plaintiff from filing lawsuits against the EEOC with this or any other federal or state court without a supporting affidavit and without notifying the court of this injunction.

The Supreme Court has recognized the inherent power of the federal courts to

control the proceedings before them and to levy sanctions in response to abusive litigation. *See, e.g., Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–5, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980). In addition, the All Writs Act, 28 U.S.C. Sec. 1651(a), gives federal courts the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Although the relief requested by defendants is unusual, it is of particular relevance that three other federal courts have issued injunctions against Mr. Becker which are similar to those requested in these proceedings. *Becker v. Adams Drug Co.,* 819 F.2d 32 (2d Cir.1987), *cert. den.,* — U.S. ——, 108 S.Ct. 719, 98 L.Ed.2d 669 (1988); *Becker v. Dunkin' Donuts of America, Inc.,* 665 F.Supp. 211 (S.D.N.Y. 1987); *Becker v. Record World,* No. 82–2058 (E.D.N.Y. Order of J. Mishler, dated August 6, 1985). In enjoining plaintiff from filing further employment discrimination claims in the Eastern District of New York without filing accompanying, detailed affidavits, Judge Mishler stated:

> Mr. Becker has made a business of litigation ... His attempt at fabricating a claim has failed. It is without any basis whatsoever. It is without merit and designed solely for the purpose of extracting and possibly extorting a settlement from the employer.

*Becker v. Record World,* No. 82–2058, Transcript of Proceedings at 22–23 (E.D. N.Y. July 10, 1985) (quoted in *Dunkin' Donuts,* 665 F.Supp. at 216).

This is not the first employment discrimination action brought by Mr. Becker. The court has been advised of at least eighteen reported decisions [5] involving plaintiff and many other unreported cases cited therein, all of which involve rejections of Mr. Becker's employment applications. The EEOC asserts that as of July, 1988, Mr. Becker had filed 321 individual charges of discrimination with 15 different EEOC districts, 261 of which were filed in the New York district and 35 of which were filed in the Philadelphia district. Declaration of Ralph Soto at 1. The charges asserted by Mr. Becker include age discrimination, sex discrimination, and discrimination based on religion, national origin, race, and retaliation. Declaration of Leo Sanchez at 2. The vast majority of his claims have been dismissed by the EEOC based on findings of, *inter alia,* no reasonable cause to believe that discrimination occurred, failure to cooperate, and lack of jurisdiction. *Id.* at 3–4. The EEOC's Office of Program Operations estimates that handling Mr. Becker's charges has already cost the EEOC over $250,000.00. Declaration of Ralph Soto at 2.

 The court concludes that the injunctive relief requested by defendants is both appropriate and necessary to prevent further abuse of the federal court system by plaintiff. The court further concludes that Rule 11 sanctions should be imposed against plaintiff due to the lack of any basis for his claims in the present complaint. Such sanctions will be awarded in the form of an award of attorney's fees and costs relating to the defense of this action. Plaintiff's complaint is devoid of any basis in fact which might support his claims of age discrimination and his claims that EEOC failed to investigate his com-

**5.** *Becker v. Adams Drug Co.,* 819 F.2d 32 (2d Cir.1987); *Becker v. Burger King Corp.,* 816 F.2d 669 (2d Cir.1987); *Becker v. New York,* 816 F.2d 669 (2d Cir.1987); *Becker v. Cassidy,* 788 F.2d 4 (2d Cir.1986); *Becker v. Taco Bell, Inc.,* 788 F.2d 4 (2d Cir.1986); *Becker v. Rite Aid Corp.,* No. 83–389 (D.N.J.1983) (J. Debevoise); *Becker v. Lodge at Harvard Square,* No. 83–2004 (D.N.J. 1983) (J. Debevoise); *Becker v. Children's Place,* No. 82–4345 (D.N.J.1982) (J. Debevoise); *Becker v. Rite Aid, cert. denied,* 99 N.J. 195, 491 A.2d 695 (1984); *Becker v. O.P.M.,* 862 F.2d 321 (Fed. Cir.1988); *Becker v. United States,* 732 F.2d 166 (Fed.Cir.1984); *Becker v. NLRB and Teamsters,*

*Local 815,* 678 F.Supp. 406 (E.D.N.Y.1987); *Becker v. Thom McAn, Inc.,* 44 Fair Empl. Prac. Cas. (BNA) 655, 1987 WL 13182 (S.D.N.Y.1987); *Becker v. Wendy's,* 638 F.Supp. 650 (E.D.N.Y. 1986); *Becker v. M & MD Mall Drugs,* No. 85–2533, 1988 WL 34813 (S.D.N.Y. April 4, 1988) (Available on LEXIS); *Becker v. Harnett, Commissioner of Labor,* No. 54503 (3d Dept. Sept. 15, 1988) (Available on LEXIS); *Becker v. N.Y. State Division of Human Rights,* 91 A.D.2d 674, 457 N.Y.S.2d 432 (2d Dept.1982); *Becker v. Pier I Imports,* 64 A.D.2d 734, 406 N.Y.S.2d 1007 (3d Dept.1978); *Becker v. Becker,* 362 Pa.Super. 631, 520 A.2d 1210 (Pa.Super.Ct.1986).

plaint, and his claims against defendant EEOC are clearly without any basis in law.

Rule 11 of the Federal Rules of Civil Procedure[6] requires attorneys and their clients to "stop, think, investigate, and research" before filing papers to initiate a suit or to conduct litigation. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). The Third Circuit has utilized Rule 11 to filter out frivolous pleadings that are legally unreasonable or that lack factual foundation, regardless of the subjective bad faith of one party. *See, e.g., Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir.1985); *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1091 (3d Cir. 1988); *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 157 (3d Cir.1986). Moreover, an objective reasonableness standard has also been applied to a party's or an attorney's improper use of litigation to harass the other party, to cause undue delay, or to needlessly increase litigation expenses. *Lieb*, 788 F.2d at 157.

 The court concludes that Mr. Becker's actions warrant Rule 11 sanctions for two reasons. First, Mr. Becker's history of frivolous litigation and his repeated claims against the defendants constitute harassment.[7] Second, and more significantly, plaintiff's case is not well grounded in fact as required by Rule 11; plaintiff has not presented any evidence to support the essential elements of his complaint. As one U.S. circuit court asserted when confronted with a similar claim which lacked factual support, the courts are not a medium for "scurrilous speculation," and a "complaint filed in federal court is not a vehicle for airing rumor, suspicion, or mere hostility." *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir.1986). Rule 11

places an affirmative duty on parties to properly research pleadings and to make reasonable inquiries before filing a motion. *See, e.g., Rynkiewicz v. Jeanes Hospital*, No. 86–5209, 1987 WL 7842 (E.D.Pa. March 11, 1987). The court finds that plaintiff's complaint was filed without any reasonable basis in law or in fact and thus that Rule 11 sanctions are both appropriate and necessary to deter plaintiff from filing similar frivolous claims in the future.

### CONCLUSION

Defendant Sherwin Williams' motion for summary judgment is granted.

Defendant EEOC's motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) is granted.

Both defendants' requests for injunctive relief and Rule 11 sanctions are granted.

---

**6.** Rule 11 states that "[t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the singer's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Rule 11 also refers to sanctions that a court may impose upon an attorney or party which may

include "an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."

**7.** In *Tarkowski v. County of Lake*, 775 F.2d 173, 176 (7th Cir.1985), the court found that plaintiff had brought suit solely to harass the defendant and held that a history of unfounded litigation established a prima facie entitlement to attorney's fees pursuant to Fed.R.Civ.P. 11.